# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.:_____

| | |
|---|---|
| Ryan R. Marden, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>Stellar Recovery, Inc.,<br><br>                    Defendant. | **SUMMONS AND COMPLAINT** |

**TO:  ABOVE-NAMED DEFENDANT AND ITS ATTORNEYS:**

**YOU ARE HEREBY** required to file with the Clerk of this Court and serve upon:

Brian L. Ranwick
Attorney ID #: 0392974
Attorney for Plaintiff Ryan R. Marden
Ranwick Law, P.A.
18305 19th Ave. N.
Plymouth, MN 55447
Telephone: (612) 590-3705
brianranwick@gmail.com

an answer to the Class Action Complaint ("CAC") that is herewith served upon you within

twenty-one (21) days after the service of this summons upon you, exclusive of the day of

service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the CAC

_____        _____
CLERK                                                              Date

_____
BY DEPUTY CLERK

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:_____**

| | |
|---|---|
| Ryan R. Marden, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>Stellar Recovery, Inc.,<br><br>       Defendant. | **CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

## PARTIES

3. Plaintiff Ryan R. Marden ("Plaintiff") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), because he is a natural person obligated or allegedly obligated to pay a debt.

4. Defendant Stellar Recovery, Inc. ("Stellar") is a Florida corporation that does business in the State of Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C §

1692a(6), because it uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

5. Sometime in or around September 2011, Plaintiff signed up for cable and internet services from Comcast Corporation ("Comcast") at his then-residence, an apartment at the address of 6301 Quinwood Lane North, Maple Grove, MN 55369.

6. In or around June 2012, Plaintiff sub-leased his apartment at 6301 Quinwood Lane North, moved to a different address, and cancelled his cable and internet services from Comcast.

7. On or about October 4, 2012, Plaintiff received a phone call on his cellular telephone, and the number that appeared on his cellular telephone's caller identification was: 1-888-613-0232.

8. Plaintiff did not answer the call, but received a voicemail on his voice mail message system, from an automated computer system that transmitted the following pre-recorded message:

> "This message is for, if you are not [momentary pause] please hang up or disconnect. If you are, please continue to listen to this message. There will now be a three second pause in this message. [brief silence] By continuing to listen to this message, you acknowledge you are, you should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. [brief silence] This communication is from a debt collector. This is an attempt to collect

3

a debt, and any information obtained will be used for that purpose. Please contact me about an important business matter at 888-613-0232. Once again, our number is 1-888-613-0232. Thank you."

9. Because the caller placed a telephone call without meaningful disclosure of its identity, the communication constituted a violation of 15 U.S.C. § 1692d(6).

10. On or about October 12, 2012, Plaintiff received another phone call on his cellular telephone, and the same number appeared on his phone's caller identification: 1-888-613-0232.

11. Plaintiff again declined to answer the call, and received a voicemail recording of the same pre-recorded message transcribed in ¶ 8, *supra.*

12. Because the caller placed a telephone call without meaningful disclosure of its identity, the communication constituted a violation of 15 U.S.C. § 1692d(6).

13. On or around November 17, 2012, Plaintiff called the phone number that had appeared on his caller identification, and that was left in the voicemails described *supra*: 1-888-613-0232

14. A woman answered the phone, and identified herself as an agent of Defendant—Stellar Recovery, Inc.

15. Defendant's agent told Plaintiff that Defendant was seeking $234.00 from him, for a debt that Plaintiff allegedly owed to Comcast.

16. Defendant placed telephone calls to Plaintiff without the meaningful disclosure of its identity, as described *supra* in ¶¶ 8 and 11, and in doing so, violated 15 U.S.C. § 1692d(6).

17. On information and belief, Defendant placed telephone calls to numerous other Minnesota consumers without the meaningful disclosure of its identity, as part of the collection campaigns that included the calls to Plaintiff on or around October 4, 2012, and on or around October 12, 2012, and in doing so, violated 15 U.S.C. 1692d(6) each and every time.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action individually and as a Class for Defendant's violations of the FDCPA, including 15 U.S.C. § 1692d(6), pursuant to Federal Rules of Civil Procedure 23b(2) and 23b(3), on behalf of the following Class:

    *All Minnesota consumers to whom Defendant placed phone calls without meaningful disclosure of its identity, on or around October 4, 2012 and/or on or around October 12, 2012.*

19. The Class is so numerous that joinder of all members is impracticable. Although only Defendant knows the number and identity of Class members, Plaintiff, on information and belief, asserts that the number of Class members is in the hundreds, if not thousands.

20. There are questions of law and fact common to the Class. The central question is whether, as required by 15 U.S.C. § 1692d(6), Defendant meaningfully disclosed its identity when it placed telephone calls to Class members on or around October 4, 2012, and/or on or around October 12, 2012.

21. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts, and are based on the same legal theories, including:

    i. Defendant placed telephone calls to Plaintiff and putative Class members on or around October 4, 2012, and/or on or around October 12, 2012;

    ii. Defendant failed to meaningfully disclose its identity in when it placed those phone calls Plaintiff and putative Class members; and

    iii. as a result, Defendant committed a violation of 15 U.S.C. § 1692d(6) against every putative Class member, and is liable to each of them.

22. Plaintiff and his counsel will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter, and has secured counsel experienced in consumer class action litigation, including FDCPA litigation. Neither Plaintiff nor his counsel has any interests that might cause either of them to fail to vigorously pursue this action.

23. This action should be maintained as a class action, because the prosecution of separate actions by individual members of the putative Class would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for the parties opposing this class, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

24. Defendant has acted or failed to act on grounds generally applicable to the Class, and as a result, final injunctive relief or corresponding declaratory relief with respect to the Class as a whole is appropriate.

25. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

26. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## TRIAL BY JURY

27. Plaintiff is entitled to, and hereby requests a trial by jury, pursuant to U.S. Const. Amend. 7. and Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692d(6).

30. Defendant placed telephone calls without the meaningful disclosure of its identity to Plaintiff and putative Class members on or around October 4, 2012 and/or on or around October 12, 2012, and in doing so, violated 15 U.S.C. § 1692d(6).

31. As a result of the Defendant's violations of the FDCPA, it is liable to Plaintiff and Class members for statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the putative Class, respectfully requests that this Court enter judgment against Defendant and award the following:

- An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiff and his counsel to represent the Class;
- an award of statutory damages in favor of Plaintiff in the amount of $1,000.00 against Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);
- an award of statutory damages for each individual Class member, in such an amount as the Court may allow, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);
- an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as the Court deems just and proper.

Dated this 1st day of February, 2013.

By: s/Brian L. Ranwick_____
Brian L. Ranwick
Attorney I.D. #0392974
Attorney for Plaintiff—Ryan R. Marden
Ranwick Law, P.A.
18305 19th Ave. N.
Plymouth, MN 55447
Telephone:  (612) 590-3705
*brianranwick@gmail.com*